McKENLY v. C., R. I. & P. R. Co.

1. **Practice:** INSTRUCTION: RAILROADS. Whether or not a gate provided by a railway company at a crossing is reasonably sufficient is a question for the jury, and it is error for the court to instruct them that the plaintiff cannot recover in an action for damages growing out of the company's negligence in the construction and maintenance of a gate.

2. ———: ———. Nor would the instruction be justified, even if it appeared that plaintiff himself supposed the gate to be sufficient, and this were embodied in the instruction.

*Appeal from Iowa District Court.*

SATURDAY, JUNE 17.

THE plaintiff claims double the value of six head of horses killed by engine and cars on defendant's road, in consequence of the alleged failure of defendant to erect and maintain a sufficient fence.

There was a jury trial and, under the instructions of the court, a verdict for the defendant. The plaintiff appeals.

*Cornell Bros.*, for appellant.

*Cook, Richman & Bruning*, and *Hedges & Murphy*, for appellee.

DAY, J.—The evidence tends to show that the horses went upon the track of the railroad through a gate erected by
1. PRACTICE: defendant. It was proved that the gate hung
instruction:
railroads. upon a post on each side of the gate, and closed

by two of the boards sliding into a mortise on the west end: that the east end was about six inches lower than the west end, that the gate was without fastening, and had a tendency to slip back, and that it would not be nearly so liable to open if it was inclined to the west, or was lower where it shuts. Upon cross-examination plaintiff testified that he supposed the gate was secure.

The court instructed the jury as follows: "You are instructed that, on the testimony introduced by the plaintiff, he cannot recover. The evidence shows that the gate complained of was reasonably sufficient for the purpose of turning stock; especially is this so, as the plaintiff testifies that before the accident, he gave no notice to the defendant that the gate was insufficient, but on the contrary that he himself supposed it was safe and sufficient."

The plaintiff excepted to this instruction at the time it was given, and he now assigns it as error. Under the evidence, the question as to the sufficiency of the gate should have been left to the jury.

The duty of providing a fence reasonably safe and sufficient by the statute devolves upon defendant.

The fact that plaintiff supposed the gate was sufficient does not make it so, nor does it authorize the court, as matter of law to determine that it was so. The belief of plaintiff as to the sufficiency of the gate was a very proper circumstance to be submitted to the jury, to aid them in determining whether or not defendant had used reasonable care in its construction. And this is all the effect which should have been given to it. The judgment is

REVERSED.